**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANSOUR HEIDARI,

        Petitioner - Appellant,

  v.

DAN PACHOLKE,

        Respondent - Appellee.

No. 08-35870

D.C. No. 2:07-cv-02016-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 10, 2010
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

    Washington prisoner Mansour Heidari appeals the district court's denial of

his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of Heidari's habeas petition. *See, e.g.*, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). We may grant relief only if "the state court adjudication of the merits of a claim '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

We reject Heidari's claim that an improper remark by the prosecutor during closing argument deprived him of a fair trial. Even if the prosecutor committed misconduct, the prosecutor's remark did not render Heidari's entire trial so unfair that he was denied due process under the standards set forth in *Darden v. Wainwright*, 477 U.S. 168, 178-83 (1986), and *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974). The challenged remark was "but one moment in an extended trial," *Donnelly*, 416 U.S. at 645, and did not amount to "the introduction of specific misleading evidence," *id.* at 647, as was the case in *Giglio v. United States*, 405 U.S. 150 (1972). And, as in *Darden*, 477 U.S. at 182, the jury in Heidari's case was instructed that the arguments of counsel were not evidence. Thus, in light of these factors, although the evidence against Heidari was not

2

necessarily as strong as the evidence against the petitioner in *Darden*, *see id.*, the state court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

We also reject Heidari's claim that he was denied effective assistance of counsel because of his trial counsel's failure to object to the challenged remark. Even if Heidari could rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the Washington Supreme Court's conclusion that Heidari has not shown prejudice is not contrary to or an unreasonable application of federal law. The prejudice to be proven "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. Because the prosecutor's remark did not itself deprive Heidari of a fair trial, his counsel's failure to object to that remark did not deprive Heidari of a fair trial.

The district court's denial of Heidari's habeas petition is

**AFFIRMED.**